UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| LINE ROTHMAN and GLAMOURMOM LLC,, | : : : : |
| Plaintiffs | Civ. No. 05-4829  (GEB) |
| v. | : : |
|  | **MEMORANDUM OPINION** |
| TARGET CORP., et. al., | : : |
| Defendants. | : |

**BROWN, C.J.**

This matter comes before the Court upon the Motion for Judgment as a Matter of Law of Plaintiffs Line Rothman and Glamourmom (collectively, "Plaintiff") that defendant Motherwear International, Inc. ("Motherwear" or "Defendant") infringed Claim 12 of U.S. Patent No. 6,855, 029 ("029 patent").  (Docket # 317.)  The Court has decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78.  For the reasons set forth below, the Court will deny Plaintiff's motion.

**I.     BACKGROUND**

Plaintiff filed a Complaint on October 7, 2005, alleging among other things that garments produced by Defendant infringed Plaintiff's '029 patent.  (Compl. at ¶ 1.).  At the conclusion of an 11 day trial, the jury rendered a verdict finding in part that Defendant's accused garments do not infringe any claims of the '029 patent.  On November 11, 2007, Plaintiff filed a renewed motion for judgment as a matter of law pursuant to Rule 50(b).  Plaintiff only challenges the jury's verdict with respect to its finding of non-infringement of claim 12 of the '029 patent. Plaintiff argues that in light of the evidence adduced at trial, the jury could not have reasonably

rendered a verdict of non-infringement with the support of substantial evidence in regard to this claim.

## II.     STANDARD

### A.     Motion for Judgment as a Matter of Law

A motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993); *Mandile v. Clark Material Handling Co.*, 131 Fed. Appx. 836, 838 (3d Cir. 2005). "In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Lightning Lube*, at 1166, *citing Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 190 (3d Cir. 1992).

"The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Lightning Lube*, at 1166, *quoting Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978); *see also Raiczyk v. Ocean County Veterinary Hospital*, 377 F.3d 266, 268 (3d Cir. 2004) ("A judge may overturn a jury verdict only when, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.") (quotations omitted).

## III.    DISCUSSION

Plaintiff argues that the record developed at trial, specifically the testimony of Mother

2

wear's director of marketing Jeanne Taylor, as well as testimony from Plaintiff's expert, Sandra Brown, provided unrebutted evidence that the garments in question met all the requirements of claim 12 of the '029 patent. The Court disagrees.

Patent infringement entails a two-step process. *Research Plastics, Inc. v. Fed. Packaging Corp.*, 421 F.3d 1290, 1295 (Fed. Cir. 2005). The first step, claim construction, involves the determination of the scope and meaning of the patent claims. *Id.* Claim construction is a matter of law. *Markman v. Westview Instruments, Inc.,* 52 F.3d 967, 977 (Fed. Cir. 1995) (*en banc*), *aff'd*, 517 U.S. 370 (1996). Second, the allegedly infringing device must be compared against the properly construed claim. *Research Plastics*, 421 F.3d at 1295. In order to succeed on a claim of literal infringement, the patentee must prove by a preponderance of evidence that an accused device contains "each and every limitation set forth in a claim." *Frank's Casing Crew & Rental Tools, Inc., v. Weatherford Intn'l Inc.*, 389 F.3d 1370, 1377 (Fed. Cir. 2004). This step requires a factual determination. *Id.* This Court has already construed the disputed claims terms identified by the parties in its *Markman* Opinion and Order. It need therefore only assess whether a reasonable jury could have found that Plaintiff failed to present sufficient evidence that Defendant's products contain each and every limitation set out in claim 12 of the ''029 patent.

Claim 12 of the ''029 patent recites:

> A nursing garment comprising: a nursing bra including a shoulder strap having a front region and a back region, an elastic chest band having a front section and a back section, said back region of said shoulder strap being coupled to said back section of section of said elastic chest band, a nursing breast cup having a base and a top, said nursing breast cup attached at said base thereof to said from section of said elastic chest band and attached at the top thereof to said front region of said shoulder strap, an internal nursing flap having a base and a top, said base thereof attached to said base of said nursing breast cup, a first

fastener attached to said top of said internal nursing flap, and a second fastener attached to the front region of said shoulder strap, said first fastener adapted to fasten said top of said internal nursing flap to said second fastener; and a fabric body having a top front edge and a rear top edge, said top front edge attached to said top of said internal nursing flap and said rear top edge attached to said back region of said shoulder strap.

The '029 patent. This Court previously defined the term "nursing breast cup" as "any structure that covers all or part of the nursing mother's breast and has some provision for accessing the nipple or nursing. The nursing breast cup is held in place via that shoulder strap and elastic band." Markman Order at ¶ 2.

Plaintiff argues that Ms. Taylor's testimony that the accused Motherwear garments "cover[] all of part of the breast" and "have a provision for accessing the nipple for nursing" amounted to an admission that these garments infringe claim 12 of the '029 patent. Plaint. Br. at 4-5. Plaintiff further points to its expert Sandra Brown's testimony that the Motherwear garments infringe all of Plaintiff's claims and contain a nursing breast cup. *Id.* at 6.

By contrast, Defendant maintains that Plaintiff failed to present credible evidence demonstrating the existence of the nursing breast cup as defined in Claim 12 of the ''029 patent in any of Motherwears' garments. Def Br. at 4-6. Defendant argues that Plaintiff's principal witnesses, Line Rothman, demonstrated that Motherwear's garments did not infringe. Specifically, Defendant points to Mrs. Rothman's testimony that a "cup" is one of two parts of a brasier that is "'shaped like and fit[s] over the breast,'" which plaintiff maintains is "consistent with the "'folding cup'" term of the patents described in the Background of Invention section of the ''029 patent." *Id.* at 4. Defendant also cites Mrs. Rothman's testimony that her invention is not a shelf-style bra, which according to Defendant is exactly what Motherwear's garments consist of. *Id.* at 5. Defendant further cites Mrs. Rothman's agreement that in using her garment,

4

one would "drop the clip, drop the flap, bring the baby there [to the breast] and have ready access [to the breast] because . . . you need do nothing else to allow the infant to feed discreetly'" as well as her agreement that her garment did not work in that way. *Id.*; Rothman Tr., Oct. 23 a.m., 26:19-25. Finally, Defendant notes Sandra Brown's admission that the term "soft-cup frame" and "nursing breast cup" "are more or less interchangeable" within the context of the ''029 patent. Brown Tr., Oct. 25 a.m., 26:3-7.

Defendant also argues that it presented substantial evidence demonstrating that its garments do not have a nursing breast cup. Def Br. at 6-8. Specifically, Defendant cites the testimony of Walter Burzynski, expert witness for co-defendant Leading Lady, who on cross-examination opined that Motherwear's garments did not contain any nursing breast cups. *Id.*; Burzynski Tr., Nov. 1 a.m., 45. In addition Defendant points to the testimony of Motherwear's Director of Marketing and Design, who testified that Defendant's bras were shelf bras and lacked cups or frames. *Id.* at 7; Taylor Tr., Oct. 31 a.m., 90-91. Both these witnesses, according to Defendant presented substantial evidence that Motherwear's garments differ from Plaintiff's in that they all possess the same "flat internal shelf bra construction which covers the entire chest area but does not fit around each breast" and all lack a "nursing bra cup, seam or pocket to encircle, frame or fit over each breast." *Id.*

Finally Defendant argues that the testimony of Plaintiff's patent attorney Allan Jacobson also demonstrates that Defendant's garments did not infringe Plaintiff's garments. *Id.* at 8-9. Mr. Jacobson testified that in preparing the ''029 patent application where he used the term "soft cup frame, he " use[d the word] cup in its English sense . . . a curved, concave surface, a cup." *Id.*; (Jacobson Tr., 11-1-07, morning session, at 74:19-75:2). Defendant argues that the same cup

5

definition must be applied to the term nursing breast cup in Claim 12, which was added by amendment.

Reviewing all evidence in the light most favorable to the non-movant, this Court holds that the jury could reasonably have found as it did that Defendant's garments did not infringe Claim 12 of the '029 patent.  The evidence cited by Defendant above demonstrates Defendant's accused garments differed quite significantly from Plaintiff's, specifically in that they lacked a nursing breast cup.  The definition given to the term nursing breast cup in the Markman order when read in context of the entire patent does not render the broad meaning to conferred upon it by Plaintiff.

**IV.    CONCLUSION**

For the foregoing reasons, the Court will deny both parties' motions for judgment as a matter of law.  An appropriate form of Order accompanies this Opinion.


Dated: April 16, 2008

                                          s/Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.