UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LINE ROTHMAN and GLAMOURMOM LLC,, | : : : : | |
| Plaintiffs | : | Civ. No. 05-4829 (GEB) |
| v. | : : | **MEMORANDUM OPINION** |
| TARGET CORP., et. al., | : : | |
| Defendants. | : : | |

**BROWN, C.J.**

This matter comes before the Court upon the renewed motion for judgment as a matter of law of Plaintiffs Line Rothman and Glamourmom (collectively, "Plaintiff") that the 6,855,029 patent ("'029 patent") was not anticipated by prior references. (Docket # 318). The Court has decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Plaintiff's motion.

**I.    BACKGROUND**

Since much of the factual background and procedural history of this case has been addressed at length in this Court's prior opinions, the Court will only address the essential facts relevant to this motion. Plaintiff filed a Complaint on October 7, 2005, alleging among other things that garments produced by Leading Lady ("Defendant") infringed Plaintiff's '029 patent. The complaint was amended on October 18, 2005, May 24, 2006, and March 23, 2007, to add certain Defendants and make certain corrections with respect to the names of others. After an eleven-day jury trial, the jury rendered a verdict, invalidating Plaintiff's '029 patent, in part, because it was anticipated by the Vera Patent (U.S. Patent No. 6,282,719(, the Clark Patent (U.S.

Patent No. 5,648,404), and the JC Penny Nursing Sports Garment, Leading Lady Style No. 438 ("438 garment").  On November 19, 2007, Plaintiff filed a renewed motion for judgment as a matter of law pursuant to Rule 50(b).  Plaintiff argues that Defendants failed to produce legally sufficient evidence for a reasonable jury to have concluded the prior references at issue anticipated the '029 patent   As such, Plaintiff asserts that it is entitled to judgment as a matter of law.

## II. DISCUSSION

### A. Standard

A motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993); *Mandile v. Clark Material Handling Co.*, 131 Fed. Appx. 836, 838 (3d Cir. 2005).  "In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Lightning Lube*, at 1166, *citing Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 190 (3d Cir. 1992).

"The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Lightning Lube*, at 1166, *quoting Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978); *see also Raiczyk v. Ocean County Veterinary Hospital*, 377 F.3d 266, 268 (3d Cir. 2004) ("A judge may overturn a jury verdict only when, as a matter of law, the record is

2

critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.") (quotations omitted).

### B. Law of Anticipation

The law governing the anticipation of a patent is well-settled. Under 35 U.S.C. § 102, a person is entitled to a patent unless the invention was "described in a printed publication in this or a foreign country . . . more than one year prior to the date of the application for patent in the United States." 35 U.S.C. § 102(b). A finding of invalidity based on anticipation under 35 U.S.C. § 102 requires a determination that "each and every limitation is found either expressly or inherently in a single prior art reference." *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1243 (Fed. Cir. 2002) (quoting *Celeritas Techs., Ltd. v. Rockwell Int'l Corp.*, 150 F.3d 1354, 1360 (Fed. Cir. 1998)). Because a patent that was issued by the Patent and Trademark Office enjoys a presumption of validity, the evidence supporting such a finding must be clear and convincing. *Id.* Whether a patent is anticipated by a prior art reference is a question of fact. *Schumer v. Lab. Computer Sys.*, 308 F.3d 1304, 1315 (Fed. Cir. 2002).

### C. Application

Plaintiff argues that Defendants failed to prove by clear and convincing evidence that the '029 patent was anticipated by the references at issue and as such, the jury's verdict lacks the support of substantial evidence

Plaintiff argues that Patent No. 6,282,719 ("the Vera Patent") fails to anticipate claims 1, 5, or 12 of the '029 patent. Plaint. Br. at 3. Plaintiff first notes that the Vera patent is listed with a number of other patents in the "References Cited" section of the '029 patent, and was therefore considered by the patent examiner, before the '029 patent application was granted. *Id.* at 3-4.

Plaintiff argues further that the claims of the Vera patent fail to meet those of the '029 patent "on their face." *Id.* at 4.  Specifically, Plaintiff asserts that the '029 patent contains a fabric body element that "attaches to the rest of the garment at the top of the internal nursing flap element in front, and at the end of each shoulder strap in the back [providing the '029 patent with a novel and] smooth single-piece-garment appearance showing no outer cups when worn in public." *Id.* at 4-5.  Plaintiff adds that the Vera Patent claims "'a nightgown for breast feeding'" and cannot be worn in public "because the skirt portion fails to cover the nursing bra component that alone is simply an undergarment." *Id.* at 5.  By contrast, Plaintiff argues that the '029 patent contains a "smooth single piece garment appearance," showing no "outer cups."  According to Plaintiff, the different intended uses of these garments further demonstrates that the jury's verdict that the Vera patent anticipates the '029 patent is not supported by the evidence.  Plaintiff further cites Defendant's expert witness Walter Burzynski's failure to cite the Vera patent as anticipating the '029 patent as well as Defendant's Director of Design, Haidee Johnstone's testimony that "the skirt element of the Vera invention attached at the elastic chest band element of the garment," as opposed to being attached at the nursing flaps, as required by claims 1, 5, and 12 of the '029 patent. *Id.* at 6-7.  Finally, Defendant asserts that "Defendants offered nothing to rebut Plaintiffs' evidence that the Vera patent does not pre-date the Rothman invention."

Plaintiff also argues that U.S. Patent No. 4,648,404 ("the Clark patent") fails to anticipate claims 1, 5, or 12 of the '029 patent. *Id.* at 7.  Plaintiff again notes the inclusion of the Clark patent in the "References Cited" portion of Plaintiff's patent. *Id.* at 8.  Plaintiff argues that the Clark patent fails to anticipate the '029 patent because it lacks an elastic chest band, as required by claims 1, 5, and 12 of the '029 patent. *Id.* at 8.  Plaintiff also asserts that the Clark patent

4

lacks the single "dual function shoulder strap" as required by claims 1,5, and 12.

Plaintiff further argues that Defendant's 438 Nursing Sports bra ("the 438 garment") fails to anticipate the claims of the '029 patent. Plaintiff asserts that 438 garment lacks "a 'back' element of the garment wholly independent of the rear portion of the fabric body," which according to Plaintiff is required by the '029 patent. *Id.* at 10-12. Plaintiff also argues that the 438 garment lacks the outer garment element, necessary to meet the court's definition of "fabric body." *Id.* at 12. According to Plaintiff, this shortcoming bars the 438 garment from anticipating the '029 patent. *Id.* at 12-13.

The Court is not persuaded by Plaintiff's arguments that the Vera patent failed to anticipate the '029 patent. First, there was ample evidence before the jury to support the conclusion that the Vera patent was prior art. The only evidence provided by Plaintiff to support Plaintiff's claim that Mrs. Rothman's invention predated the July 18, 2000 filing of the Vera patent, was Mrs. Rothman's testimony that she completed her garment sometime before her July 12, 2000 letter.[1] Line Rothman Tr., Oct. 22, a.m, 67:-72:2. Plaintiff failed to provide evidence demonstrating that the Rothman garment was reduced to practice. Plaintiff also failed to provide the jury with any drawings "or other descriptions of the invention that were sufficiently specific to enable a person skilled in the art to practice the invention" prior to the filing of the Vera patent. *Pfaff v. Wells Elecs*, 525 U.S. 55, 67-68 (U.S. 1998). As such, the jury did not err in considering the Vera patent prior art. *See id.* The jury was free to weigh the credibility of Mrs. Rothman's testimony in determining whether her invention predated the Vera patent, and it is not the role of the Court to substitute its own credibility determination in place of the jury's. See *See*

---

[1] Mrs. Rothman testified that she wrote this letter to herself to memorialize her invention.

*Lightning Lube*, at 1166.

The Court defined the term "fabric body" as "one or more pieces of fabric joined together." Markman Order, ¶ 6. Haidee Johnstone testified that there was no language in the claims requiring the fabric body to be a certain size or precluding the fabric body from being attached to the elastic chest band. She therefore agreed that the "outer fabric body could be attached to the elastic chest band." Johnstone Tr., Oct 29, p.m., 93:9-25. The jury's necessary conclusion in finding that the Vera patent anticipated the '029 patent – that the Vera patent contained a "fabric body," was therefore adequately supported by the evidence. The Court is also unpersuaded by Plaintiff's observations about the intended use of the Vera patent – as a nightgown, to be worn privately. These observations are irrelevant to the Court's analysis, and in any event, there are no claim elements restricting where the garment can be worn. Because there was sufficient evidence presented at trial demonstrating that the Vera garment was prior art to the '029 patent and sufficient evidence demonstrating that each claim of the '029 patent was present in the Vera patent, the Court will not disturb the jury's verdict.

The Court is also not persuaded by Plaintiffs' arguments that the there is insufficient evidence to support the jury's finding of anticipation with regard to the Clark patent. While the Court notes Defendant's expert, Walter Burzynski's testimony that he did not find a chest band in the Clark patent, the Court is satisfied that there was still sufficient evidence presented for the jury to conclude that the Clark patent *teaches* an elastic chest band. *See PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1242 (Fed. Cir. 2002)(A finding of anticipation will be found when "'each and every limitation is found either expressly or inherently in a single prior art reference'")(citation omitted). Burzynksi also testified to the following:

6

> Q. There's a chest band. And by the way, when you construct bras, just general knowledge, are they elastic? Chest bands.
>
> A. Yes.
>
> Q. Always?
>
> A. Always.

While Burzynski's testimony is not crystal clear, the jury could have reasonably concluded from it that elastic chest bands are present in all bras, including the bra in the Clark garment. Further, Ms. Johnstone testified that in examining the Clark Patent in connection with her own patent application, she concluded that it had all the same features as her own garment. Johnstone Tr., Oct. 29, p.m., 12:10-21. Because the jury concluded that Ms. Johnstone's garment met all the limitations of the Asserted Claims, the jury could have reasonably relied on this testimony in concluding that the Clark patent inherently contained an elastic chest band. Johnstone Tr., Oct. 29, p.m., 12:7-21. The jury also did not stray from reason in concluding that the Clark patent disclosed a shoulder strap. Plaintiff's attempt to distinguish what it describes as the '029 "dual function single shoulder strap element" from the two shoulder straps featured in the Clark garment is unpersuasive. For one, the Markman Order does not reflect the shoulder strap definition that Plaintiff applies. In addition the Patent repeatedly claims "a nursing garment *comprising* a shoulder strap." The addition of a second shoulder strap (as in the Clark garment) is not precluded by this language. *See Crystal Semiconductor Corp. v. Tritech Microelectronics Int'l, Inc.*, 246 F.3d 1336, 1348 (Fed. Cir. 2001) ("In the parlance of patent law, the transition 'comprising' creates a presumption that the recited elements are only a part of the device, that the

7

claim does not exclude additional, unrecited elements."). The jury did not defy reason in concluding that the shoulder straps present in the Clark patent satisfied this claim.

The Court also declines to disturb the jury's verdict with regard to the 438 garment. Plaintiff does not dispute that the 438 garment is prior art. There is no language in Claim One of the '029 patent barring a "back piece" from being part of the "elastic stretch fabric body." In addition, the Markman Order defines "fabric body" as "one ore more pieces of fabric," and does not bar a back piece from being one of those pieces. Markman Order, ¶ 6. Mr. Burzynski further testified that this limitation was met in the 438 garment because the back piece was sewn to the front outer layer of the garment. Burzynski Tr., Nov. 1, 24-25. In addition, the back area referred to in claims 5 and 12 do not specify a separate back piece, as the Plaintiff submits is required. Rather, the claims state: "a shoulder strap having a front region and a back region." As Plaintiff does not dispute that the 438 garment contains a shoulder strap, which has a front and back region, the jury's finding of anticipation with regard to claims 5 and 12 was supported by substantial evidence. Finally, the term "fabric body" was not defined by the Court as requiring an "outer garment." *See* Markman Order, ¶ 6. Moreover, even if an outer garment was required, the jury heard substantial evidence in the testimony of Ms. Johnstone that the 438 garment includes an outer layer that enables the garment to be worn outside and in public, thus forming an "outer garment." Johnstone Tr., Oct. 25, p.m., 33-34.

**CONCLUSION**

For the foregoing reasons, the Court will deny Defendant's motion for judgment as a matter of law. An appropriate form of Order accompanies this Opinion.

Dated: April 16, 2008

    s/Garrett E. Brown, Jr.
GARRETT E. BROWN, JR., U.S.D.J.