UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINE ROTHMAN and GLAMOURMOM LLC,, | : <br> : <br> : |
| Plaintiffs | Civ. No. 05-4829 (GEB) |
| v. | : <br> : **MEMORANDUM OPINION** |
| TARGET CORP., et. al., | : <br> : |
| Defendants. | : |

**BROWN, C.J.**

This matter comes before the Court upon the renewed motion for judgment as a matter of law of Plaintiffs Line Rothman and Glamourmom (collectively, "Plaintiff") that Patent No. 6,855, 029 ("'029 patent") are not invalid because of obviousness. (Docket # 320). The Court has decided the motions without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Plaintiff's motion.

**I.     BACKGROUND**

Plaintiff filed a Complaint on October 7, 2005, alleging among other things that garments produced by Defendant infringed Plaintiff's 029 patent. (Compl. at ¶ 1.). At the conclusion of an 11 day trial, the jury rendered a verdict finding in part that Plaintiff's '029 patent was invalid due to obviousness. On November 19, 2007, Plaintiff filed a renewed motion for judgment as a matter of law pursuant to Rule 50(b). The motion has been opposed by defendant Leading Lady Companies ("Defendant" or "Defendants"). Plaintiff argues that Defendant failed to prove by clear and convincing evidence that claims 1, 5, and 12 of the 029 patent would have been obvious to one of ordinary skill in the art at the time of the invention. As such, Plaintiff asserts

that the claims of the '029 patent are valid and non-obvious in light of the prior art.

## II. Discussion

### A. Legal Standards

#### 1. Judgment as a Matter of Law

A motion for judgment as a matter of law under Federal Rule of Civil Procedure 50(b) "should be granted only if, viewing the evidence in the light most favorable to the nonmovant and giving it the advantage of every fair and reasonable inference, there is insufficient evidence from which a jury reasonably could find liability." *Lightning Lube, Inc. v. Witco Corp.*, 4 F.3d 1153, 1166 (3d Cir. 1993); *Mandile v. Clark Material Handling Co.*, 131 Fed. Appx. 836, 838 (3d Cir. 2005). "In determining whether the evidence is sufficient to sustain liability, the court may not weigh the evidence, determine the credibility of witnesses, or substitute its version of the facts for the jury's version." *Lightning Lube*, at 1166, *citing Fineman v. Armstrong World Indus., Inc.*, 980 F.2d 171, 190 (3d Cir. 1992).

"The question is not whether there is literally no evidence supporting the party against whom the motion is directed but whether there is evidence upon which the jury could properly find a verdict for that party." *Lightning Lube*, at 1166, *quoting Patzig v. O'Neil*, 577 F.2d 841, 846 (3d Cir. 1978); *see also Raiczyk v. Ocean County Veterinary Hospital*, 377 F.3d 266, 268 (3d Cir. 2004) ("A judge may overturn a jury verdict only when, as a matter of law, the record is critically deficient of that minimum quantity of evidence from which a jury might reasonably afford relief.") (quotations omitted).

#### 2. Obviousness

Under 35 U.S.C. § 103(a) a claimed invention may not be patented if,

> the differences between the subject matter sought to be patented and the prior art are such that the subject matter as a whole would have been obvious at the time the invention was made to a person having ordinary skill in the art to which said subject matter pertains.

"[Courts] thus consider whether a person of ordinary skill in the art would have been motivated to combine the prior art to achieve the claimed invention and whether there would have been a reasonable expectation of success in doing so." *Dystar Textilfarben GmbH v. C.H. Patrick Co.*, 464 F.3d 1356, 1360 (Fed. Cir. 2006)(*citing Brown & Williamson Tobacco Corp. v. Philip Morris, Inc.*, 229 F.3d 1120, 1124 (Fed. Cir. 2000)).

"[O]bviousness depends on: (1) the scope and content of the prior art; (2) the differences between the claimed invention and the prior art; (3) the level of ordinary skill in the art; and (4) any relevant secondary considerations, including commercial success, long felt but unsolved needs, and failure of others." *Dystar*, at *9, *citing Graham v. John Deere Co.*, 383 U.S. 1, 17 (1966). Given the presumption of validity surrounding a patent granted by the PTO, invalidity of the patent through obviousness must be proven by clear and convincing evidence. *PIN/NIP, Inc. v. Platte Chem. Co.*, 304 F.3d 1235, 1243 (Fed. Cir. 2002). The Supreme Court recently confirmed that these "factors continue to define the inquiry that control" and if in evaluating these factors, a court concludes that a patent is obvious, "the claim is invalid under § 103." *KSR Int'l Co. v. Teleflex Inc.*, et al., 127 S.Ct. 1727, 167 L. Ed. 2d 705 (2007).

The Federal Circuit has applied an additional inquiry to determine obviousness, known as the "teaching, suggestion or motivation" test (the "TSM test"). *Id.* at 1734-35. Under this test, a "patent claim is only proved obvious if 'some motivation or suggestion to combine the prior art

3

teachings' can be found in the prior art, the nature of the problem, or the knowledge of a person having ordinary skill in the art." *Id.* at 1734. The continuing validity of this test was called into question in *KSR*. *Id.* While the Supreme Court did not reject the test outright, it did reject the Federal Court of Appeals, prior rigid application of the test. *Id.* at 1739. The Court instructed that courts should evaluate the *Graham* factors using a "broad inquiry" employing a "common sense" approach. *See id.* at 1741-43. Specifically, "any need or problem known in the field of endeavor at the time of invention and addressed by the patent can provide a reason for combining elements in the manner claimed." *Id.* at 1742. In addition, the Court explained that "common sense" dictates that "familiar items may have obvious uses beyond their primary purposes, and in many cases a person of ordinary skill will be able to fit the teachings of multiple patents together like pieces of a puzzle." *Id.* at 1742. While the Court did require a broad inquiry into obviousness, it also cautioned against "distortion caused by hindsight bias and . . . arguments reliant upon ex post reasoning." *Id.*

Plaintiff argues that Defendant failed to prove by clear and convincing evidence that Plaintiff's invention is obvious and as such, the jury's verdict was unreasonable. The Court disagrees.

Plaintiff asserts that Defendant failed to prove by clear and convincing evidence that the invention was obvious in light of prior art. In support of this assertion, Plaintiff argues that the testimony of Defendants' own expert, Walter Burzynski militates against a finding of obviousness, because Burzynski admitted that such an invention would not have been obvious to him. Plaint. Br. at 4-6. Plaintiff also asserts that testimony given by Leading Lady President Mark Corrado that the 1369/D219 garment "was an innovative new design" and Joseph Kirsh's

4

deposition testimony that described the '029 patent as "something that might have been a big success" evidences the non-obviousness of the '029 patent. *Id.* at 6-7.

Plaintiff argues further that "Defendants' witnesses failed to testify that any particular prior art reference predicted or otherwise suggested any motivation to combine prior art references." *Id.* at 7. Plaintiff also complains that Defendant's arguments regarding the invalidity of the '029 patent are conclusory and make improper use of hindsight and *ex post* reasoning. *Id.* Plaintiff avers further that Defendant improperly asked leading questions to Mr. Burzinski and misconstrued Mrs. Rothman's testimony. *Id.* at 11-14.

According to Plaintiff, the '029 patent consists of more than a mere combination of parts taken from prior art with each component independently performing the same predictable function as it has in the past. *Id.* at 14. Specifically, Plaintiff posits that "[a]lthough the prior art contains references to torso-covering bodies, shoulder straps, and nursing cups with soft cup frames, it is impossible to connect just those independent elements from the prior art into a functional nursing top with breast support that is invisible both from the front and back of the garment." *Id.* Plaintiff adds that the '029 patent combines the prior art consisting of multiple straps "into a multi-functional single strap component" connecting all the elements in a novel manner and introducing a new "internal nursing flap element," involving an "outer body that encircles the wearer's torso." *Id.* at 15.

In addition, Plaintiff maintains that "[t]he prior art patent to Clark expressly teaches away from making the claimed combinations of the '029 patent." *Id.* at 16. Finally Plaintiff argues that Defendants failed to rebut Plaintiff's evidence of secondary considerations – a failure Plaintiff claims further bolsters its argument that the evidence produced at trial was insufficient

5

to invalidate the '029 patent for obviousness. *Id.* at 17-20.

Defendant opposes Plaintiff's motion for judgment as a matter of law. Defendants argue that as a matter of law, whether or not Defendant's expert Mr. Burzynski in his line of work would have found the '029 patent to be obvious is irrelevant. Def. Br at 3-5. Rather, quoting Amazon.com, Inc. v. Barnesandnoble.com, Inc., 239 F.3d 1343, 134 (Fed. Cir. 2001), Defendant argues that "[t]he relevant inquiry is what a hypothetical ordinarily skilled artisan would have gleaned from the cited references at the time that the patent application . . . was filed." *Id.* at 4.

Next Defendant argues that Mrs. Rothman admitted at trial that each element in her invention was found in prior art and each element continued to perform its preexisting function in her invention. As a result, Defendant asserts that the invention is a "combination of known elements for their known purposes," making it obvious under *KSR*. *Id.* at 7-11. Defendant also points to testimony from Leading Lady Director of Design, Ms. Johnstone, where she testified that she developed the design for one of the accused garments in 1998 when she combined a preexisting tank top and shelf bra with a nursing bra. Defendant also cites the testimony of Mrs. Ludmila Cerny-Bradik, who Defendant asserts corroborated Ms. Johnstone's testimony when she testified that she assembled the nursing tank top that Ms. Johnstone developed. *Id.* at 14-16. Defendant argues that Ms. Johnstone and Ms. Cerny-Bradnik's testimony further demonstrates that Ms. Rothman's invention was an assembly of old elements performing the same functions as had been performed in the past and performing no more than would be expected in the combination appearing in the '029 patent. As such, Defendant asserts that this invention is obvious under *KSR*. *Id.* at 16. Defendants also posits that the jury heard substantial evidence to

6

conclude that the claimed invention was obvious in light of the significant amount of prior art that was shown to the jury containing the same elements presented in the '029 patent. *Id.* at 16-19.

Defendant asserts that neither Mr. Corrado nor Mr. Kirsch was a person of ordinary skill in the art of nursing design when Mrs. Rothman filed her patent application and neither witnesses' testimony cited by Plaintiff is determinative. *Id.* at 19. Defendant also points out that both witnesses' testimony refers not to Mrs. Rothman's claimed invention, but to Ms. Johnstone' design. As such, Defendant argues that neither of these witnesses' testimony should carry significant weight.

Defendant also maintains that Plaintiff's arguments concerning "Motivation" do not account for evidence produced at trial and are in conflict with KSR's rejection of rigidly applying the TSM test. *Id.* at 20-23. Finally, Defendant maintains that the jury properly weighed evidence of secondary considerations produced by Plaintiff, and in light of the evidence as a whole, determined that the secondary considerations were insufficient to overcome the overwhelming evidence of obviousness. *Id.* at 23-26.

The Court cannot say that the jury's verdict was not supported by substantial evidence. Mrs. Rothman herself testified that there were no new elements in her design that did not exist in prior art. Oct. 22, a.m. Tr., 77. She also testified that she designed the garment in one "day into the night," had no prior experience in designing nursing garments, and sewed these preexisting parts together in one evening. Oct. 22, p.m. Tr., 5-6; Oct. 23, a.m. Tr. 14. As such, the jury could have reasonably inferred that she applied no special skill or knowledge in developing this garment.

Defense expert Burzynski also testified that Mrs. Rothman's garment consisted of parts that still performed their preexisting functions. In his opinion the combination of elements employed by Mrs. Rothman was "common practice" in the industry, which reinforced his conclusion as to the obviousness of her invention. Oct. 31, a.m. Tr., 157-158. The jury could have very reasonably relied on Mr. Burzynski's opinion because of his near forty years of experience in the field.

The jury also heard testimony from Haidee Johnstone , Leading Lady's Director of Design, who testified that she developed the design of one of the alleged infringing garments, sold by Target and others in 1998, before Mrs. Rothman ever developed her design for the '029 patent. In fact, according to Ms. Johnstone, the design she developed in 1998, the Leading Lady 460 ("460") sprung from two earlier designs of hers, the Leading Lady D-338 and 438, the earliest of which dated back to 1997. Oct. 25, a.m. Tr., 21-42. Ms. Johnstone testified that the 460 design, which later was embodied in one of the accused garments, has not changed since 1998, and simply involved combining a preexisting tank top with a shelf bra with a preexisting nursing bra. *Id.*

Ms. Cerny-Bradik, who holds a degree in designing, pattern making and sewing technology and has worked at Leading Lady for fourteen years, corroborated Ms. Johnstone's testimony when she testified that she assembled the sample of the 460 design, at the direction of Ms. Johnstone, by combining elements from the D-338 438 designs. Oct. 30, a.m. Tr., 35-36; 39-40. In her words, "it was nothing hard to do." *Id.* at 41-25.

The jury was also presented with several examples of prior art from which they may have reasonably concluded that combining such prior art with known elements rendered the '029

8

patent obvious. Defendant cites two examples in their brief, neither of which Plaintiff challenges. *See* Plaint Br. at 16-19.

The Court is unpersuaded that Defense expert Burzynski's testimony that he would not have thought of the garment comprising the '029 patent on his own, deprived the jury of any "reasonable support" for their finding of obviousness based on substantial evidence. *See* Nov. 1, a.m. Tr., 10-11. That Mr. Burzynski had not thought of developing a "crossover garment" like the one at issue here is not determinative on whether the '029 patent was obvious and does not provide a ground for granting Plaintiff's motion. The jury was free to weigh the credibility Mr. Burzynski's testimony, and it is not within the court's province to do so here. *See Lightning Lube*, 4 F.3d at 1166. Further, the relevant inquiry is not whether Defendant's expert would have conceived of the idea behind Mrs. Rothman's invention, but whether a person of ordinary skill in the art would have. *See KSR*, at 1743. As discussed, ample evidence was produced to support the jury's findings.

The Court also finds unpersuasive Plaintiff's citations to the testimony of Leading Lady's president Mark Corrado and Mr. Kirsch to support Plaintiff's motion. It is undisputed that neither Mr. Corrado nor Mr. Kirsch were persons of ordinary skill in the art of nursing garment design at the time of the '029 patent filing. Further, both Mr. Corrado and Mr. Kirsch were referring to the Johnstone garment when they made the statements cited by Plaintiff. The Court also notes that Mr. Kirsch's testimony is ambiguous at best as to whether he felt the design in question was unique, as he ultimately decided against buying the garment in question because he believed it would not have been a success. Kirsch Tr, presented at trial on Oct. 30 a.m., at 18-19. As such, their opinion as to uniqueness of Mrs. Rothman's design carry little weight on

9

obviousness.

The Court is also not persuaded that evidence presented of secondary considerations of the '029 patent warrant a rejection of the jury's verdict.  The jury was properly instructed to weigh secondary considerations in rendering a verdict, and Defendant cites many ambiguities within Plaintiff's cited secondary sources, supporting a finding that such considerations were not determinative in overcoming a finding of obviousness.  See Plaint. Br at 23-26.  Ultimately the jury was properly instructed to weigh secondary considerations, but if it determined that other evidence of obviousness was determinative, not to weigh the objective factors any further.  Nov. 2, a.m. Tr., 64-65.  The Court is satisfied that the jury properly did so.

**CONCLUSION**

Reviewing all evidence in the light most favorable to the non-movant, this Court holds that the jury's finding that the '029 patent is invalid due to obviousness is supported by clear and convincing evidence.  For the foregoing reasons, the Court will deny Plaintiff's motions for judgment as a matter of law.  An appropriate form of Order accompanies this Opinion.

Dated:   April 16, 2008

                                                              s/Garrett E. Brown, Jr.
                                                           GARRETT E. BROWN, JR., U.S.D.J.