**NOT FOR PUBLICATION**

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |  |
|---|---|---|
| LINE ROTHMAN et al., | : | |
| | : | Civ. No. 05-4829 (GEB) |
| Plaintiffs, | : | |
| | : | **MEMORANDUM OPINION** |
| v. | : | |
| | : | |
| TARGET CORP. et al., | : | |
| | : | |
| Defendants. | : | |

**BROWN, Chief District Judge**

    This memorandum opinion addresses the following four motions **(1-4**, below**)** filed by the Defendants (hereinafter, collectively, the "Defendants"):

    **(1)** motion for attorney fees and costs pursuant to 35 U.S.C. § 285 and Local Civil Rule 54.2 filed by the following Defendants: (1) Leading Ladies Companies; (2) Target Corp; (3) Kohl's Department Stores, Inc.; (4) J.C. Penney Company, Inc.; (5) Redcats USA, L.P.; (6) Elizabeth Lange LLC; and (7) Motherswear International Inc. (collectively the "Leading Lady Defendants") [Docket # 361];

    **(2)** motion for bill of costs pursuant to L. Civ. R. 54.1 filed by the Leading Lady Defendants [Docket # 362];

    **(3)** motion for attorney's fees and expenses pursuant to 35 U.S.C. § 285 and L. Civ. R. 54.2 filed by Defendant K-Mart Corporation [Docket # 363];

    **(4)** motion for attorney fees pursuant to 35 U.S.C. § 285 and L. Civ. R. 54.2 filed by Defendant Motherswear International, Inc. [Docket # 364].

Plaintiffs Line Rothman and Glamourmom LLC (hereinafter "Plaintiffs") oppose all of these motions on various grounds. The Court has reviewed the parties' submissions and decided the motions without oral argument pursuant to FED. R. CIV. P. 78. For the reasons set forth below, the Court will grant all of the Defendants' motions.

I.   BACKGROUND

On October 7, 2005, Line Rothman filed the initial complaint in this case. (Compl.) That complaint alleged that numerous defendants had infringed upon U.S. Patent No. 6,855,029 (hereinafter "'029 patent), which was issued to Mrs. Rothman by the United States Patent Office. (*Id.*) On March 23, 2007, Mrs. Rothman filed a third amended complaint in which Glamourmom LLC was added as a plaintiff in this action. (3d Amended Compl.) [Docket # 86]  The third amended complaint asserts that Glamourmom LLC is the, "exclusive licensee of the '029 Patent." (*Id.* at ¶ 21.) Since this action commenced, the parties have endured a litigation continuum that has included numerous pre-trial motions, an eleven-day jury trial, and five post-trial motions for judgment as a matter of law filed by Plaintiffs. The Court has extensively chronicled the facts surrounding this litigation in numerous memorandum opinions issued over the past two years. As such, the Court will summarize only the facts that are pertinent to the motions *sub-judice*, as follows.

On November 5, 2007, at the conclusion of an eleven-day trial, the jury found that the following Defendants had infringed upon the '029 patent: Leading Ladies Companies; Target Corp; J.C. Penney Company, Inc.; Kohl's Department Stores, Inc.; Redcats USA, L.P.; and Liz Lange LLC. (Special Verdict Form at ¶¶ 1-6, 10-27.) [Docket # 312] The jury found that Defendant Motherswear International Inc. did not infringe upon the '029 patent. (*Id.* at ¶¶ 7-9.) Critically, the jury also found that the Defendants had shown, by clear and convincing evidence, that Plaintiff's '029 patent was

invalid because of: (1) anticipation; (2) obviousness; and (3) prior inventorship. (*Id.* at ¶¶ 28-34.) Finally, in addition to finding that the '029 patent was invalid, the jury found that Defendants had shown, by clear and convincing evidence, that Plaintiffs, "committed 'inequitable conduct' in their dealing with the U.S. Patent Office in obtaining the '029 patent by withholding material information with an intent to deceive the patent examiner." (*Id.* at ¶ 35)

Following trial, Plaintiffs filed five motions for judgment as a matter of law pursuant to FED. R. CIV. P. 50(b). In four of those Rule 50(b) motions, Plaintiffs contested the jury's findings of obviousness, anticipation, prior inventorship of the '029 patent, and the non-infringement of the '029 patent by Motherswear International Inc. [Docket #'s 316, 317, 319, 320] In a fifth Rule 50(b) motion, Plaintiffs asserted that the jury's finding that Plaintiffs had engaged in inequitable conduct while obtaining the '029 patent was incorrect as a matter of law. [Docket # 321] This Court denied each of Plaintiff's five Rule 50(b) motions, and significantly, noted the following with regard to the jury's finding of inequitable conduct, "the Court finds that there was significant clear and convincing evidence to support a finding of inequitable conduct. . . . [t]hus, were the question of inequitable conduct one for the Court and not the jury, the Court would have reached the same conclusion." (GEB Mem. Op. 5/6/08 at 14-16) [Docket # 346]  Plaintiffs have appealed this Court's denial of each Rule 50(b) motion to the United States Court of Appeals for the Federal Circuit. [Docket # 351]  Those appeals are pending as of the date of this memorandum opinion.

Currently before the Court are the various Defendants' motions for attorney fees pursuant to the Federal Rules of Civil Procedure and the Local Civil Rules. The Defendants put forth several arguments in support of their motions.  Plaintiffs oppose each of those motions, and argue that attorney fees are inappropriate in this case.  Alternatively, Plaintiffs assert that the Court should stay

these motions until the Federal Circuit rules upon Plaintiffs' pending appeals. After reviewing the parties' submissions, the Court declines to stay the Defendants' motions. The Court agrees with the Defendants' argument that Plaintiffs' inequitable conduct renders this case exceptional, and supports an award of attorney fees to the Defendants in this case.

## II. DISCUSSION

### A. Standard

An award of attorney fees in a patent case is governed by 35 U.S.C. § 285, which states, "[t]he court in exceptional cases may award reasonable attorney fees to the prevailing party." When deciding whether to award attorney fees pursuant to Section 285, the Court must undertake a two part analysis. *Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1315 (Fed Cir. 2001). The first component of the Section 285 analysis is whether the case was proven to be exceptional by clear and convincing evidence. *Id.* A court may find that a case is exceptional in the meaning of Section 285 when the prevailing party shows, "inequitable conduct before the PTO." *Brasseler, U.S.A., L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001). The United States Court of Appeals for the Federal Circuit has established that, "Inequitable conduct . . . either alone or in conjunction with trial conduct, may constitute the basis for an award of attorney's fees under [Section 285]." *A.B. Chance Co. v. RTE Corp.*, 854 F.2d 1307, 1312 (Fed. Cir. 1988); *accord Nilssen v. Osram Sylvania , Inc.*, Nos. 2007-1198, 2007-1358, 2008 U.S. App. LEXIS 12696 at* 14 (Fed. Cir. June 17, 2008).

If a court decides that a case is exceptional within the meaning of Section 285, that court must undertake the second component of the Section 285 analysis and determine whether, "an award of attorney fees to the prevailing party is warranted." *Evident Corp.*, 399 F.3d at 1315 (citations

4

omitted).  The determination of whether attorney fees are warranted is, "committed to the discretion of the trial court." *Id.*

### 1. The Court Declines To Stay The Defendants' Motions

Plaintiffs argue that the Court should stay decision of the Defendants' motions for attorney fees pending the outcome of Plaintiffs' various appeals currently pending before the United States Court of Appeals for the Federal Circuit.  (Pl.'s Opp'n Br. at 2-4.)  The Court, in its discretion, declines to do so.  Both the outcome of Plaintiffs' appeals, and the date on which the Federal Circuit will decide those appeals, is unknown.  Therefore, in the interest of prompt and efficient justice, the Court will decide the Defendants' motions at this time.

### 2. Plaintiffs' Inequitable Conduct Renders This Case Exceptional, And Supports An Award Of Attorney Fees To The Defendants

The various Defendants in this case argue that an award of attorney fees pursuant to 35 U.S.C. § 285 is appropriate because of the jury's finding that Plaintiffs engaged in inequitable conduct before the PTO when they obtained patent '029.[1]  Plaintiffs assert that this is not an "exceptional case" within the meaning of Section 285, and argue that an award of attorney fees is not appropriate.  The Court finds the Plaintiffs' arguments unavailing.  The Court agrees with the Defendants' assertion that the jury's finding of inequitable conduct by clear and convincing evidence renders this case exceptional, and the Court will award reasonable attorney fees to the

---

[1] In their moving brief, the Leading Lady Defendants seek damages pursuant to both 35 U.S.C. § 285 and 28 U.S.C. § 1927.  (L.L. Def.'s Mot. Br. at 2,4,11,23.)  In their opposition brief, Plaintiffs argue that Section 1927 is not appropriate because that statute applies only to attorneys, and is therefore inapplicable to Plaintiffs in this case.  (Pl.'s Opp'n Br. at 22-24.)  The Leading Lady Defendants apparently abandon their claims under Section 1927 in their reply brief.  (Pl.'s Reply Br. at 10, fn 13.)  As such, this Court will limit its analysis to the Defendants' arguments for relief under 35 U.S.C. § 285.

Defendants in its discretion.

As noted previously, when deciding whether to award attorney fees pursuant to Section 285, the Court must undertake the following two-part analysis: (1) the Court must decide if the case is exceptional under the meaning of Section 285; and (2) if the case is exceptional, the Court must decide, in its discretion, if attorney fees are warranted. *Evident Corp. v. Church & Dwight Co.*, 399 F.3d 1310, 1315 (Fed Cir. 2001). A court may find a case exceptional if, at trial, the prevailing party shows by clear and convincing evidence that their adversary engaged in, "inequitable conduct before the PTO." *Brasseler, U.S.A., L.P. v. Stryker Sales Corp.*, 267 F.3d 1370, 1380 (Fed. Cir. 2001). A court can deem a case exceptional under Section 285 based upon a finding of inequitable conduct alone. *Nilssen v. Osram Sylvania, Inc.*, Nos. 2007-1198, 2007-1358, 2008 U.S. App. LEXIS 12696 at* 14 (Fed. Cir. June 17, 2008). As the Federal Circuit recently noted, "our case law provides wide discretion to district courts; courts may award attorney fees in inequitable conduct cases, but are not required to do so." *Id.*

Applying this law to the facts of this case, the Court concludes that this case is exceptional under Section 285, and will award reasonable attorney fees to the Defendants. As this Court has previously noted, following an eleven day trial, the jury in this case found that Defendants had shown by clear and convincing evidence that Plaintiffs, "committed 'inequitable conduct' in their dealing with the U.S. Patent Office in obtaining the '029 patent by withholding material information with an intent to deceive the patent examiner." Following the trial, Plaintiffs filed a motion pursuant to FED. R. CIV. P. 50(b) and asked the Court to declare the jury's finding of inequitable conduct invalid as a matter of law. The Court expressly declined to do so, and specifically upheld the jury's finding of inequitable conduct. (GEB Mem. Op. 5/6/08.)

6

[Docket # 346]  In a lengthy sixteen-page memorandum opinion issued on May 7, 2008, the Court exhaustively detailed the myriad of reasons why the jury's finding of inequitable conduct was appropriate.  *Id.*  For the sake of economy, the Court will not restate its opinion, but adopts that opinion [Docket #346] by reference, in its entirety.  Plaintiffs, in their various submissions, have made no compelling argument why the jury's finding of inequitable conduct is not an appropriate basis for an award of attorney fees under Section 285.  Indeed, Plaintiffs have done little more than attempt to discount the prior actions before the PTO, specifically the actions of their former attorney Mr. Jacobson, which formed the basis for the jury's finding of inequitable conduct.  That tactic is wholly ineffectual because it is essentially just a renewed challenge to the veracity of the jury's finding.  Again, "were the question of inequitable conduct one for the Court and not the jury, the Court would have reached the same conclusion." (*Id.*)

In sum, the Court finds that this case is exceptional under Section 285.  That determination is based upon the Court's memorandum opinion dated May 6, 2008, [Docket # 346] in which the Court analyzed and upheld the jury's finding, by clear and convincing evidence, that Plaintiff engaged in inequitable conduct before the PTO.  Further, based upon those same facts, the Court, in its discretion, will award reasonable attorney fees and costs to the Defendants pursuant to 35 U.S.C. § 285.

### 3. The Court Need Not Consider The Defendants' Alternate Grounds For Relief

The relief sought by the Defendants is allowable under 35 U.S.C. § 285 because the Plaintiffs' inequitable conduct renders this case exceptional.  In this memorandum opinion, the Court has cited Federal Circuit precedent that definitively supports this Court's award of attorney

fees to the Defendants based upon Plaintiffs' inequitable conduct, without more. *See Nilssen v. Osram Sylvania , Inc.*, Nos. 2007-1198, 2007-1358, 2008 U.S. App. LEXIS 12696 at* 14 (Fed. Cir. June 17, 2008). As such, the Court will not address the Defendants' arguments that they are entitled to the same relief on alternate grounds.

### 4. Reasonable Attorney Fees Will Be Determined At A Later Hearing

The Court has reviewed the various submissions of the parties concerning the reasonableness of the Defendants' claimed attorney fees and costs, and will order a hearing for the sole purpose of determining the reasonable attorney fees and costs that Plaintiffs will pay to the Defendants.

### III.  CONCLUSION

For the reasons set forth above, the Court will GRANT the following four motions **(1-4, below)** filed by the Defendants (hereinafter, collectively, the "Defendants"):

**(1)** motion for attorney fees and costs pursuant to 35 U.S.C. § 285 and Local Civil Rule 54.2 filed by the following Defendants: (1) Leading Ladies Companies; (2) Target Corp; (3) Kohl's Department Stores, Inc.; (4) J.C. Penney Company, Inc.; (5) Redcats USA, L.P.; (6) Elizabeth Lange LLC; and (7) Motherswear International Inc. [Docket # 361];

**(2)** motion for bill of costs pursuant to L. CIV. R. 54.1 filed by the Leading Lady Defendants [Docket # 362];

**(3)** motion for attorney's fees and expenses pursuant to 35 U.S.C. § 285 and L. CIV. R. 54.2 filed by Defendant K-Mart Corporation [Docket # 363];

**(4)** motion for attorney fees pursuant to 35 U.S.C. § 285 and L. CIV. R. 54.2 filed by Defendant Motherswear International, Inc. [Docket # 364].

The Court will order a hearing for the sole purpose of determining the reasonable attorney fees and costs that Plaintiffs will pay to the Defendants.

An appropriate form of order accompanies this memorandum opinion.

Dated: October 8, 2008

    /s/ Garrett E. Brown, Jr.    
GARRETT E. BROWN, JR., U.S.D.J.
