<u>**NOT FOR PUBLICATION**</u>

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

|  |  |
|---|---|
| LINE ROTHMAN et al., | : |
| Plaintiffs, | : Civ. No. 05-4829 (GEB) |
| v. | : **MEMORANDUM OPINION** |
| TARGET CORP. et al., | : |
| Defendants. | : |

<u>**BROWN, Chief District Judge**</u>

In a memorandum opinion and order dated October 8, 2008 [Docket # 375, 376], the Court granted the following motions:

(1) motion for attorney fees and costs pursuant to 35 U.S.C. § 285 and Local Civil Rule 54.2 filed by the following Defendants: (1) Leading Ladies Companies; (2) Target Corp; (3) Kohl's Department Stores, Inc.; (4) J.C. Penney Company, Inc.; (5) Redcats USA, L.P.; (6) Elizabeth Lange LLC; and (7) Motherswear International Inc. (collectively the "Leading Lady Defendants") [Docket # 361];

(2) motion for bill of costs pursuant to L. CIV. R. 54.1 filed by the Leading Lady Defendants [Docket # 362];

(3) motion for attorney's fees and expenses pursuant to 35 U.S.C. § 285 and L. CIV. R. 54.2 filed by Defendant K-Mart Corporation [Docket # 363];

(4) motion for attorney fees pursuant to 35 U.S.C. § 285 and L. CIV. R. 54.2 filed by Defendant Motherswear International, Inc. [Docket # 364].

In this memorandum opinion, the Court determines the Defendants'[1] reasonable attorney fees and costs. Defendants have supported their claimed reasonable attorney fees and costs with numerous submissions to the Court. Plaintiffs Line Rothman and Glamourmom LLC (collectively "Plaintiffs") object to the reasonableness of the attorney fees and costs claimed by Defendants on multiple grounds [Docket #'s 366, 371, 389, 390]. The Court has considered the parties' submissions and the oral arguments made during a hearing held on November 25, 2008. For the reasons that follow, the Court will grant reasonable attorney fees and costs to Defendants in the amounts noted below.

**I.     BACKGROUND**

The facts of this case were detailed in the Court's memorandum opinion dated October 8, 2008. (GEB Mem. Op. 10/8/08) [Docket # 375] The Court adopts that factual background here by reference, and will summarize only the facts necessary to the disposition of the motions *sub judice*. On October 8, 2008, the Court granted Defendants' instant motions for attorney fees and costs [Docket #'s 361-364]. In doing so, the Court opined that Plaintiffs' inequitable conduct before the U.S. Patent Office while obtaining U.S. Patent No. 6,855,029 (hereinafter "'029 patent") rendered this case "exceptional" within the meaning of 35 U.S.C. § 285. (GEB Mem. Op. 10/8/08) [Docket # 375] The Court concluded that because this case is exceptional, an award of reasonable attorney fees and costs to Defendants is appropriate. (*Id.*) Further, after granting Defendants' motions, the Court determined that a hearing was necessary to determine Defendants' reasonable attorney fees and costs. (*Id.*) After the Court granted Defendants' motions, but prior to the hearing, the Leading

---

[1] Hereinafter, the Court will use the term "Defendants" to refer to all defendants who have moved for an award of attorney fees and costs.

Lady Defendants, and Defendant K-Mart ("K-Mart") submitted supplemental statements of attorney fees and costs [Docket # 381, 384]. The Leading Lady Defendants and K-Mart each seek additional attorney fees and costs related to preparation of the motions *sub judice* [*Id.*]. The Leading Lady Defendants also seek fees and costs related to Plaintiffs' pending appeals [Docket # 384]. Plaintiffs submitted written opposition to K-Mart and the Leading Lady Defendants' supplemental fee requests [Docket # 390].

On November 25, 2008, the Court held the aforementioned hearing to determine Defendants' reasonable attorney fees and costs. (R. of Hr'g 11/25/08) At that hearing, counsel for the various Defendants made brief oral arguments in support of their fee and cost requests. (*Id.*) Significantly, counsel for the Leading Lady Defendants withdrew their request for the supplemental fees related to Plaintiffs' pending appeals. (*Id.*) Plaintiffs' counsel, in response, essentially made the following arguments against the fees and costs sought by Defendants: (1) Plaintiff Line Rothman is in a "precarious" financial position and a large judgment will almost certainly force her to declare personal bankruptcy; (2) Plaintiffs' "inequitable conduct" before the U.S. Patent Office was the result of Mrs. Rothman's attorney's actions and, therefore, a large judgment against Mrs. Rothman is unfair; (3) Plaintiffs' counsel expressed generalized objections to alleged "double billing" that resulted from Defendants' individual counsel addressing issues common to Defendants as a whole. (*Id.*) Finally, for the reasons just noted, Plaintiffs' counsel requested that the Court enter any judgment against Plaintiff Glamourmom, LLC, not Plaintiff Line Rothman. (*Id.*) In sum, Plaintiffs' counsel's oral arguments reflect the assertions made in their written submissions to the Court. In addition to their oral arguments, Plaintiffs also allege in their written submissions that Defendants have not provided adequate evidence to support their fee and cost requests. (Pls.' Opp'n. Br. at 23-

3

34.) [Docket # 366].

## II. DISCUSSION

### A. Legal Standard

It is well settled that a plaintiff requesting attorney fees bears the burden of proving that the requested fees are reasonable. *Hensley v. Eckerhart*, 461 U.S. 424 at 437 (1983). That burden is met by the plaintiff's production of evidence of the reasonableness of the hours and hourly rate claimed. *See Rode v. Dellarciprete*, 892 F.2d 1177, 1183 (3d Cir. 1990). If the plaintiff meets this burden, the adverse party bears the burden of challenging the "reasonableness of the requested fee." (*Id.*) Ultimately, "[t]he decision to award attorney fees is one committed to the discretion of the trial court." *Evident Corp. v. Church & Dwight Co., Inc.*, 399 F.3d 1310, 1315 (Fed. Cir. 2005)(citing 35 U.S.C. § 285). The Supreme Court has noted that, "[t]his is appropriate in view of the district court's superior understanding of the litigation . . . ." *Hensley* 416 U.S. at 437.

### B. Application

On October 8, 2008, the Court opined that this case: (1) is exceptional; and (2) that an award of reasonable attorney fees and costs to Defendants is appropriate. (GEB Mem. Op. 10/8/08) [Docket # 375]   At oral argument, Plaintiffs' counsel acknowledged the appropriateness of the hourly rates charged by the various Defense counsel in this case. (R. of Hr'g 11/25/08)  As such, this Court now need address only the following issues: (1) the reasonableness of the total fees and costs claimed by Defense counsel; (2) the various arguments made by Plaintiffs' counsel regarding the equity of an attorney fee and cost award in this case.

#### 1. The Hours And Fees Claimed By Defense Counsel Are Reasonable

To the extent the Leading Lady Defendants' have argued that Plaintiffs have not effectively

4

challenged the reasonableness of the fees and costs claimed by Defendants' counsel, the Court agrees. As previously noted, the moving party bears the initial burden of proving the reasonableness of the fees claimed. *Hensley* 416 U.S. at 437. The Court concludes the Defendants' counsel has carried this burden by providing detailed billing records that support the fees and costs claimed by Defendants, as follows:

I. *Leading Lady Defendants*
   Fees:   $ 1,734,664.65
   Costs: $    322,377.47
   **Total: $ 2,057,042.12**[2]

II. *Defendants K-Mart/Sears*
   Fees:   $ 228,119.57
   Costs: $      9,009.31
   **Total: $   237,128.88**[3]

III. *Defendant Motherswear, Intl., Inc.*
   Fees:   $ 218,371.05[4]
   Costs: $      7,554.40[5]
   **Total: $   225,925.45**

VI. *Leading Lady Defendants - Supplemental Fees & Costs*
   Fees:   $ 125, 873.00
   Costs: $      6,574.71
   **Total: $   132,447.71**[6]

V. *Defendants' Total Reasonable Attorney Fees and Costs*
   Fees:   $ 2,307,028.27

---

[2]  (Defs.' Statement of Legal Fees and Disbursements Ex. G; Ex. A-H.)(This was submitted in hard copy because of its considerable size.)

[3]  (Moskowitz Cert. at ¶¶ 14-21; Ex. 1, 2.) [Docket # 381]. The Court has included the relatively small amount of additional fees and costs sought by K-Mart for post-trial work in this total.

[4]  (Schoenberg Cert. at ¶¶ 9, 11; Ex. A, B.) [Docket # 364]

[5]  (Abbruzzese Cert. at ¶¶ 10, 11; Ex. A.) [Docket # 364]

[6]  (Torkelson Supp. Aff. at ¶¶ 4, 6, 10; Ex. 11) (Rader Supp. Aff. at ¶¶ 5, 8; Ex. 12, 13.) [Docket # 384]

     Costs: $  345,515.89
     **Total: $ 2,652,544.16**[7]

Plaintiffs have failed to prove that these attorney fees and costs are unreasonable. Plaintiffs' argument that Defendants' claimed fees and costs are not supported by sufficient evidence simply lacks merit. As the Court noted above, the attorney fees and costs claimed by counsel for Defendants is amply supported by detailed billing records.

Similarly, Plaintiffs' alternate contention raised during oral argument - that the amount claimed by Defendants should be reduced because of "double-billing" or "overlap" - is unavailing. Plaintiffs have failed to sufficiently identify precisely which hours are allegedly duplicative, and have simply posited that counsel for various Defendants spent time addressing issues common to all Defendants. This assertion is not sufficient. In this case, Plaintiffs chose to sue multiple Defendants for infringement of the '029 Patent. In order to defend against Plaintiffs' claims, Defendants were forced to retain counsel. The Courts' review of the hours claimed by counsel for the various Defendants does not indicate "overlap" as Plaintiff generally alleges. To the extent there was *de minimis*, and likely unavoidable overlap, that duplication logically resulted from Plaintiffs' decision to sue multiple Defendants on a common theory, and does not render Defendants' claimed fees and costs unreasonable. For these reasons, the Court concludes that the attorney fees and costs claimed by Defendants are reasonable, in the amounts noted above.

  **2. The Fee And Cost Award Will Not Be Reduced, And Judgement Will Be Entered Against Plaintiffs Jointly and Severally**

In written submissions to the Court and at oral argument, Plaintiffs' counsel made the following arguments why an award of attorney fees and costs should be reduced, or, in the

---

[7] These figures represent the sum of the respective totals in Sections I-IV, above.

alternative, entered only against Plaintiff Glamourmom LLC: (1) Plaintiff Line Rothman is in a "precarious" financial position and a large judgment will almost certainly force her to declare personal bankruptcy; (2) Plaintiffs' "inequitable conduct" before the U.S. Patent Office was the result of Mrs. Rothman's attorney's actions and, therefore, a large judgment against Mrs. Rothman is unfair.  The Court finds both arguments unavailing for the reasons that follow.

      First, Plaintiffs' counsels' argument that judgment should either be reduced, or not entered against Plaintiff Rothman because of her "precarious" financial position myopically ignores the consequences of this litigation, which were generated in large measure by Mrs. Rothman.  The original complaint in this case was filed on October 7, 2005, and named Mrs. Rothman as the sole plaintiff.  (Compl.) [Docket #1]  In that complaint, Mrs. Rothman asserted that she was the owner of the '029 Patent, and alleged that at least nine separate defendants had infringed upon that patent.  It was not until nearly eighteen months later, in March, 2007, that Mrs. Rothman filed her third amended complaint, which added Plaintiff Glamourmom LLC as "exclusive licensee of the '029 Patent."  (3d Amended Compl.) [Docket # 86]  Trial commenced in October, 2007.  At that trial, Mrs. Rothman testified that she "is" Plaintiff Glamourmom LLC, or words to that effect. (R. of Hr'g 11/25/08)  Following trial, the jury found that Defendants had shown, by clear and convincing evidence, that Plaintiffs, "committed 'inequitable conduct' in their dealing with the U.S. Patent Office in obtaining the '029 patent by withholding material information with an intent to deceive the patent examiner."   (Special Verdict Form at ¶ 35) [Docket # 312] Thus, as a consequence of Plaintiffs' decision to bring suit against Defendants, conduct an extended jury trial, and file numerous post-trial motions which Defendants necessarily opposed, Defendants accrued the considerable legal fees noted above.  While it is unfortunate that the entry of a judgment against

Plaintiff Rothman may adversely impact her personal finances, equity demands that she is held accountable for the results of the litigation she generated in large measure.

Second, Plaintiffs' counsels' alternate argument - that judgment should either be reduced or not entered against Plaintiff Rothman because Plaintiffs' "inequitable conduct" before the U.S. Patent Office was the result of Mrs. Rothman's attorney's actions - requires little discussion. Plaintiffs' counsel has made this argument on at least two previous occasions, and each time this Court has rejected it. (See GEB Mem. Op. 10/8/08 at 7 [Docket # 375; GEB Mem. Op. 5/6/08 at 11-16 [Docket # 346])  Indeed, the Court recently opined that, "[t]his [argument] is wholly ineffectual because it is essentially just a renewed challenge to the veracity of the jury's finding [of inequitable conduct]." (GEB Mem. Op. 10/8/08 at 7.) [Docket # 375]  Today, the Court rejects the same argument for the same reason.

In sum, the Court finds the attorney fees and costs requested by Defendants reasonable. For the reasons noted, Plaintiffs have failed to persuade the Court that equity demands a reduction in the reasonable attorney fees and costs incurred by Defendants as a result of this litigation. Additionally, as this litigation was driven primarily by the actions of Plaintiff Line Rothman, the Court concludes that judgment must be entered against both Plaintiffs jointly and severally. In light of Plaintiffs claimed "precarious" financial condition, however, the Court declines to augment this award with either pre or post-judgment interest, to the extent Defendants have moved for that relief.

### III. CONCLUSION

For the reasons noted above, the Court will award Defendants reasonable attorney fees and costs in the following amounts, for which Plaintiffs shall be jointly and severally liable:

I. *Leading Lady Defendants*

        Fees:  $ 1,734,664.65
        Costs: $   322,377.47
        **Total: $ 2,057,042.12**

II. *Defendants K-Mart/Sears*
        Fees:  $ 228,119.57
        Costs: $     9,009.31
        **Total: $ 237,128.88**

III. *Defendant Motherswear, Intl., Inc.*
        Fees:  $ 218,371.05
        Costs: $    7,554.40
        **Total: $ 225,925.45**

VI. *Leading Lady Defendants - Supplemental Fees & Costs*
        Fees:  $ 125, 873.00
        Costs: $    6,574.71
        **Total: $   132,447.71**

V. *Defendants' Total Reasonable Attorney Fees and Costs*
        Fees:  $ 2,307,028.27
        Costs: $   345,515.89
        **Total: $ 2,652,544.16**

An appropriate form of order accompanies this memorandum opinion.

Dated: February 9, 2009

                                        /s/ Garrett E. Brown, Jr.
                                  GARRETT E. BROWN, JR., U.S.D.J.