**DLA PIPER LLP (US)**
Tamar Y. Duvdevani (admitted *pro hac vice*)
Paul A. Taufer
Michael L. Burns
1251 Avenue of the Americas
New York, New York 10020
Tel: (212) 335-4799
Attorneys for Defendants Mothers Work, Inc. n/k/a
Destination Maternity Corporation
and Macy's Department Stores, Inc.

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| LINE ROTHMAN and GLAMOURMOM, LLC,<br><br>Plaintiffs,<br><br>v.<br><br>TARGET CORPORAION, ET AL,<br><br>Defendants. | Case No.:  05-04829 (MLC) (TJB) |

**PARTIAL OBJECTION TO MOTION TO SEAL**

Defendants Mothers Work, Inc. n/k/a Destination Maternity Corporation and Macy's Department Stores, Inc. (collectively, "DMC") objects in part to plaintiff Glamourmom, LLC's ("Plaintiff") Motion to Seal (D.I. 410) (the "Motion to Seal").

In the Motion to Seal, Plaintiff moves to seal pursuant to L. Civ. R. 5.3(c)(2) <u>all</u> documents filed in connection with its Motion to Enforce (D.I. 407), which consist of the (1) Brief in support of Motion to Enforce the Settlement Agreement (the "Brief"); (2) Certification of Michael Rothman and all exhibits thereto ("Rothman Certification"); (3) Declaration of Sandra K. Brown and all exhibits thereto; and (4) Proposed form of order granting the Motion to

Enforce the Settlement Agreement. (*See* D.I. 409 at (3), Text of Proposed Order at 2-3.) Plaintiff bases its Motion to Seal on the confidentiality provisions contained in the Settlement Agreement and Purchase Agreement entered into by the parties, and further states that the documents that Plaintiff seeks to seal "appear to contain sensitive business information" belonging to DMC that is not known to the general public, and that if such information were revealed to the general public, DMC's "business interests would thereby be harmed." (*Id*.)

A court may grant a motion to seal and enter a protective order for documents to be filed under seal upon a showing that "good cause" exists for the protection of those documents. *Pansy v. Borough of Stroudsbourg*, 23 F.3d 772, 786 (3d Cir. 1994). When seeking a protective order, a party establishes good cause by demonstrating that disclosure will cause a clearly defined and serious injury. *Id*. Indeed, the court has discretion to evaluate the competing considerations of the private versus public interests at stake in light of the facts of each case. *Id.* at 789; *see also Glenmede Trust Co., v. Thompson*, 56 F.3d 476, 483 (3d Cir. 1995).

Within the Third Circuit, Local Civil Rule 5.3 provides general guidance for the standards to be applied on a motion to seal. Local Civil Rule 5.3(c)(2) requires that any motion to seal or otherwise restrict public access shall describe (a) the nature of the materials or proceedings at issue, (b) the legitimate private or public interests which warrant the relief sought, (c) the clearly defined and serious injury that would result if the relief sought is not granted, and (d) why a less restrictive alternative to the relief sought is not available.

In the instant matter, the three documents that comprised the parties' settlement agreement all contain confidentiality provisions, and the parties relied on the fact that the agreements would be confidential. As evidenced by the September 18, 2007 transcript annexed to the Rothman Certification at Exhibit B, counsel for DMC specifically raised with the Court

that the terms of the parties' settlement were confidential, and the Court confirmed that "the terms are kept between yourselves, and they do not even need to be revealed to Judge Brown, which is often what happens.  It goes in my file."  (Rothman Certification, Ex. B at 10[1].)  In *LEAP Systems, Inc. v. Moneytrax, Inc*., 638 F.3d 216 (3rd Cir. 2011), the Third Circuit affirmed the denial of a motion to unseal a transcript that memorialized terms of a settlement agreement.  *Moneytrax*, 638 F.3d at 222-23.  Like here, the parties to the agreement raised with the court keeping the terms of the parties' agreement confidential, and the court "assured the parties that the transcript would not be filed and that the terms of the agreements would not be disclosed in its order dismissing the case."  *Id*. at 222.  The Third Circuit accordingly found "LEAP's reliance on the District Court's assurances of confidentiality entirely reasonable and sufficient to outweigh the public's common law right of access."  *Id*.  Additionally, the court found that that public's interest in disclosure "minimal" and, like here, the "parties are private entities, their dispute has no impact on the safety and health of the public, and their settlement agreements demonstrate a clear intent to maintain confidentiality."  *Id*. at 222-23.

In keeping with *LEAP Systems, Inc. v. Moneytrax, Inc*., DMC only agrees with Plaintiff that (1) Exhibit A (the Term Sheet), Exhibit C (the Settlement Agreement) and Exhibit H (the Purchase Agreement) to the Rothman Certification; (2) the second sentence of Paragraph 9 to the Rothman Certification; and (3) the identical sentence found on page 3 of Plaintiff's Brief, contain DMC's specific confidential and sensitive business information contained in the confidential settlement documents, and that, as such, good cause exists to redact the aforementioned documents.  *Connor v. Sedgwick Claims Mgmt*., 796 F. Supp. 2d 568, 592 (D.N.J. 2011) (finding that

---

[1] Contrary to Plaintiff's statement that the settlement was "described in open court" on September 18, 2007 (Brief at 2), the transcript of the proceedings only discusses the terms of the parties' settlement generally.

redaction is a less restrictive alternative than sealing). The above-referenced Exhibits A, C, and H consist entirely of the three settlement documents entered into by the parties that contain confidentiality provisions, and the referenced sentence sets forth certain specifics of the business deal reached between the parties. While the other portions of Plaintiff's filings contain some discussion of the parties' agreements, those portions are general enough such that no confidential information is actually disclosed, only cite non-confidential portions of the agreements, and, in multiple instances, do not accurately reflect the parties' agreement.

Accordingly, while DMC respectfully submits that these smaller portions of Plaintiff's Motion to Enforce be redacted, (1) the remaining portions of Plaintiff's Brief; (2) the remaining portions and remaining exhibits of the Rothman Certification; (3) the entirety of the Declaration of Sandra K. Brown and all exhibits thereto; and (4) the entirety of the Proposed form of order granting the Motion to Enforce the Settlement Agreement, do <u>not</u> contain any confidential information belonging to either party whose disclosure would cause competitive injury, do not divulge the parties' confidential agreement, and DMC accordingly submits that no good cause exists for these documents to be filed under seal.

## CONCLUSION

For the foregoing reasons, this Court should grant the Motion to Seal only in connection with redaction of: (1) Exhibit A, Exhibit C, and Exhibit H to the Certification of Michael Rothman, (2) the second sentence of Paragraph 9 to the Certification of Michael Rothman; and (3) the identical sentence to the second sentence of Paragraph 9 to the Certification of Michael Rothman found on page 3 of Plaintiff's Brief, and otherwise deny the motion.

5

Dated:  November 18, 2013	Respectfully submitted,

DLA PIPER LLP (US)

By:     s/ Michael Burns
          Michael L. Burns
          Tamar Y. Duvdevani (*pro hac vice*)
          Paul A. Taufer

1251 Avenue of the Americas
New York, NY 10020

*Counsel for Mothers Work, Inc. n/k/a Destination Maternity Corporation and Macy's Department Stores, Inc.*